NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4458
_____

JEFFREY A. DOCK, individually and as executor of the
estate of Jeremy W. Dock; LINDA L. LONG, individually and as
executor of the estate of Jeremy W. Dock,

Appellants

v.

RUTH RUSH; DONALD READE; DONALD CAMPBELL;
RICK BLAIR, PSP Trooper; SNYDER COUNTY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 4-09-cv-00606)
District Judge:  The Honorable John E. Jones
_____

Submitted Under Third Circuit LAR 34.1(a)
May 27, 2011

BEFORE:  FUENTES, FISHER, and NYGAARD, Circuit Judges.

(Filed June 22, 2011)

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Jeffrey Dock and Linda Long, individually and as executors of the estate of

Jeremy Dock, appeal the District Court's order dismissing their civil rights complaint

pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, we will affirm.

Inasmuch as we are writing primarily for the parties who are familiar with this case, we need not recite the factual or procedural background of this case, except insofar as is helpful to our discussion.

## I.

Jeremy Dock was assisting law enforcement authorities in an investigation into drug trafficking within the Snyder County, Pennsylvania prison. For his own safety, he was being held in protective custody. While in protective custody, Dock was found dead in his cell. Prison officials maintain that Dock committed suicide. Appellants believe he was killed by prison guards because he was cooperating with the authorities. Appellants filed an action in the District Court raising First, Eighth and Fourteenth Amendment claims, as well as state law claims sounding in negligence, survivorship and wrongful death. Listed as defendants were Snyder County, Pennsylvania and several county officials: Ruth Rush, the warden of the Snyder County Prison; Donald Reade, the deputy warden; and Donald Campbell, the watch commander who found Dock's body. Also named as a defendant was Richard Blair, a Pennsylvania state trooper. Blair was not alleged to have any role in Dock's death, but conducted the subsequent investigation.[1]

---

[1] In the District Court, Appellants argued that Trooper Blair owed them a duty to investigate the circumstances of Dock's death under the Fourteenth Amendment. Finding no support for this contention, the District Court dismissed Appellants' claim against Trooper Blair. On appeal, this claim has been neither identified as an issue nor argued in the brief. An appellant is "required to set forth the issues raised on appeal and to present an argument in support of those issues in [his] opening brief." *Kost v. Kozakiewicz*, 1

After giving the Appellants several opportunities to amend their complaint, the District Court dismissed all claims.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo* a district court's decision to dismiss a complaint for failure to state a claim upon which relief may be granted. *See Dique v. New Jersey State Police*, 603 F.3d 181, 188 (3d Cir. 2010). "In deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (internal citation and quotation marks omitted). To withstand a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. --- , 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*), 550 U.S. 544, 570 (2007).

## III.

We start with the Appellants' Eighth Amendment claim. To state a claim for a violation under the Eighth Amendment, the Appellants must allege that the defendant acted with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotations and citations omitted). Deliberate indifference

---

F.3d 176, 182 (3d Cir. 1993); see FED. R.APP. P. 28(a)(5), (9). "It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal." *United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005). The instant appeal presents no circumstances which counsel against application of that rule and we deem this issue waived.

requires that prison officials know of an excessive risk to an inmate's health or safety and affirmatively disregard that risk. *Farmer*, 511 U.S. at 835. The Appellants' Eighth Amendment allegation fails because they are attempting to establish liability based on supervisory liability. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (liability cannot be predicated solely on the operation of respondeat superior, as a defendant must have personal involvement in a civil rights action). Appellants do not allege that any of the Appellees had personal knowledge of any threats to Dock's safety and subsequently acted with deliberate indifference. After reviewing the District Court pleadings, the notice of appeal, and the parties' responses, we cannot find any specific allegations in the complaint from which we can plausibly infer that the Appellees were deliberately indifferent to Dock's safety. *See, e.g., Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Accordingly, this claim was properly dismissed.

Further, the District Court correctly found the Appellants' First Amendment claims to be flawed. To prevail on a claim for retaliation by prison officials, a plaintiff must show that: (1) he engaged in constitutionally protected conduct; (2) he suffered some "adverse action" by prison officials; and (3) his exercise of a constitutional right was a substantial or motivating factor in the adverse action. *Rauser v. Horn*, 241 F.3d 330, 333-34 (3d Cir.2001). Here, the District Court correctly determined that Appellants properly alleged that Dock engaged in the protected activity of assisting law enforcement personnel with an investigation. However, neither the Appellants' original complaint, nor their subsequent amended version relate any factual allegations connecting Dock's

death with this protected activity. Indeed, no allegation is made that the Appellees took any action to retaliate against Dock for his cooperation in the criminal investigation. Therefore, for the same reasons, we agree with the District Court that Appellants failed to state claims upon which relief could be granted under the First Amendment to the Constitution.

IV.

Appellants next argue that the District Court erred in its determination that they failed to state a claim under Pennsylvania law. We disagree.

The District Court correctly determined that the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. §§ 8541-8542. The Act provides that "no local agency shall be liable for any act of the local agency or employees thereof or any other person." 42 Pa. Cons. Stat. § 8541. Here, the Appellants have sued Snyder County, Pennsylvania, which is clearly a "local agency" under the Act and is, therefore, immune from suit. Moreover, the individual Appellees are also immune from suit under the Act. "Municipal employees, including school district employees, are generally immune from liability to the same extent as their employing agency, so long as the act committed was within the scope of the employee's employment." *Sanford v. Stiles,* 456 F.3d 298, 315 (3d Cir. 2006) (citing 42 Pa. Cons. Stat. § 8545). Although there is an exception to this general rule, providing that employees are not immune from liability under § 8545 where their conduct amounts to "actual malice" or "willful misconduct," no such conduct has been pleaded here. Appellants have brought state law claims of

5

wrongful death, negligence and survivorship – none of which connote malicious or willful actions. *See Bright v. Westmoreland County*, 443 F.3d 276 (3d Cir. 2006).

V.

Lastly, Appellants maintain that the District Court erred by refusing them access to discovery before dismissing their amended complaint. Appellants argue that our decision in *Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004) and local practice in the Middle District of Pennsylvania, give them the opportunity to conduct discovery before the District Court rules on a motion to dismiss. True enough, we recognized in *Alston* that "in a civil rights action . . . the plaintiff may be disadvantaged by not having access to precisely who the relevant actors were, and their precise roles." *Id*. at 236. We held, therefore, that "perhaps access to some initial discovery would be advisable." *Id*. Our decision in *Alston* reflected, among other things, our concern that the District Court had dismissed an initial complaint without leave to amend. *Id*. at 235. We specifically held that where a complaint is vulnerable to dismissal under Fed.R.Civ.P. 12(b)(6), a district court should permit curative amendment, provided to do so would not be an exercise in futility. *Id*. Here, we have no such concern given the fact that the District Court permitted such an amendment and was extraordinarily generous with the Appellants, permitting amendment even when the prescribed time for completing such a filing had passed.

As to the common practice of the Middle District of Pennsylvania, we are likewise unpersuaded by the Appellants' argument. While it may be common practice to permit

6

discovery while a partial motion to dismiss is pending, the motion to dismiss in this case would resolve the case *in toto*, making any delay for discovery inappropriate.

Finally, in dismissing the amended complaint, the District Court determined that it would be futile to permit further amendment. *See, e.g., Hill v. City of Scranton*, 411 F.3d 118, 134 (3d Cir. 2005) ("[A] district court has discretion to deny a request to amend if it is apparent from the record that . . . the amendment would be futile[.]"). The record before the District Court included the Appellants' original and amended complaints, exhibits, responses to the motion to dismiss and accompanying arguments. The District Court was well-versed with Appellants' allegations and gave them more than enough opportunities to supplement or clarify their allegations. Given that, we find it reasonable for the District Court to conclude that the Appellants had presented their best allegations, and that any further amendment would not cure the deficiencies. Accordingly, it was not an abuse of discretion for the District Court to deny leave to further amend and to dismiss Appellants' complaint with prejudice.

V.

We will affirm the District Court's dismissal of the Appellants' complaint.